# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES TRAYWICK,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 03-172-P** |
| ) | |
| **LENORA JORDAN, Warden,** ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus. Petitioner, an inmate currently incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, attacks his conviction in Okmulgee County District Court Case Number CF-00-78 for Endeavoring to Manufacture Methamphetamine, After Former Conviction of Two or More Felonies. He sets forth the following grounds for relief:

    I.    The jury instructions were fatally defective, because they failed to inform the jury of the elements of the crime.

    II.    The evidence is insufficient to support the jury's finding that Mr. Traywick endeavored to manufacture methamphetamine.

    III.    The trial court failed to instruct the jury that a case that relies exclusively on circumstantial evidence must include reasonable theories of innocence.

    IV.    The trial court erred in failing to instruct the jury that prior inconsistent statements cannot be used as substantive evidence of guilt.

    V.    The trial court erred in failing to follow statutory procedures when the jury had a question.

VI. Photographs admitted of Mr. Traywick were more prejudicial than probative.

VII. The trial court erred in allowing the trial to be bifurcated for purposes of penalty enhancement.

VIII. Mr. Traywick's sentence should be modified because extraneous, prejudicial information from the fact of previous convictions was introduced into evidence.

IX. The trial court's errors cumulatively deprived Mr. Traywick of a fair trial and reliable verdict.

X. Petitioner's sentence was excessive, considering the totality of the circumstances of this case.

XI. The State failed to prove that the petitioner was guilty beyond a reasonable doubt.

XII. Prosecutorial misconduct deprived the petitioner of a fair trial and due process of law.

XIII. The petitioner was subjected to an illegal arrest, thus the charges should have been dismissed.

XIV. Petitioner was denied his right to the effective assistance of counsel.

Respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Petitioner's brief in his direct appeal.

B. Summary Opinion affirming petitioner's Judgment and Sentence in Okmulgee County District Court Case Number CF-2000-78. *Traywick v. State*, No. F-2001-989 (Okla. Crim. App. Sept 24, 2002).

C. Petitioner's application for post-conviction relief, filed on November 4, 2002.

D. Order Denying Application for Post-Conviction Relief. *Traywick v. State*, No. CF-2000-78 (Okmulgee County Dist. Ct. Dec. 16, 2002).

E. Petitioner's petition in error appealing the denial of his post-conviction application.

F. Order Affirming Denial of Post-Conviction Relief. *Traywick v. State*, No. PC-2003-25 (Okla. Crim. App. Feb. 25, 2003).

G. Transcripts of petitioner's jury trial and *in camera* motions.

**State Court Evidentiary Hearing**

Initially, petitioner alleges that after he filed his application for post-conviction relief, the Okmulgee County District Court notified him that a hearing would be held on December 20, 2002. However, on December 16, 2004, the court entered its order denying his post-conviction application with no explanation of why the hearing had not been held. Further, the Oklahoma Court of Criminal Appeals affirmed the state district court but failed to address the issue of the hearing. Petitioner asserts that by failing to hold the hearing or explain why the hearing was not held, the state courts abused their discretion, and he was denied due process.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). Further, the Tenth Circuit Court of Appeals has consistently held that challenges to state post-conviction procedures do not rise to the level of federal constitutional claims that are cognizable on habeas corpus review. *See Phillips v. Ferguson*, 182 F.3d 769, 773-74 (10th Cir. 1999); *Sellers v. Ward*, 135 F.3d 1333,

1339 (10th Cir.), *cert. denied*, 525 U.S. 1024 (1998); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993). Therefore, any claim pertaining to the canceled state court hearing is not subject to federal habeas review.

**<u>Grounds I, III, and IV: Jury Instructions</u>**

Petitioner raises three claims related to jury instructions. The respondent alleges these claims are issues of state law that are not cognizable in a federal habeas action. The respondent further asserts the Oklahoma Court of Criminal Appeals (OCCA) considered and found no merit in these claims in petitioner's direct appeal, and under the revised federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> In a habeas corpus proceeding attacking a state court judgment based on an erroneous jury instruction, a petitioner has a great burden. *Lujan v. Tansy*, 2 F. 3d 1031, 1035 (10th Cir. 1993), *cert. denied*, 510 U.S. 1120 (1994). A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial. *Shafer v. Stratton*, 906 F.2d 506, 508 (10th Cir. 1990), *cert. denied*, 498 U.S. 961 (1990). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (footnote omitted). The question in this proceeding is not whether the instruction is "undesirable, erroneous, or even 'universally condemned,'" but whether the instruction so infected the trial that the resulting conviction

violates due process. *Id.* (quoting *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Id*. at 155.

*Maes v. Thomas*, 46 F. 3d 979, 984 (10th Cir.), *cert. denied*, 514 U.S. 1115 (1995).

Petitioner alleges in Ground I that the jury instructions failed to advise the jury of the elements of the crime of Endeavoring to Manufacture Methamphetamine, because the jury was not instructed that the State had to prove specific intent and an overt act by petitioner toward manufacturing. On direct appeal the OCCA found that "[petitioner's] failure to request additional instructions or object to those given waived all but plain error. Here, there was no error, plain or otherwise, as the instructions properly informed the jury about the elements of the crime." *Traywick v. State*, No. F-2001-989, slip op. at 2 (Okla. Crim. App. Sept. 24, 2002) (citation omitted).

In Ground III petitioner claims the trial court failed to instruct the jury that a case relying exclusively on circumstantial evidence must exclude every reasonable hypothesis other than guilt. On direct review the OCCA held that the "failure to give the instructions on circumstantial evidence did not rise to the level of plain error, because the evidence against [petitioner] was not inherently weak or improbable. *Id.* at 3 (citing *Dyke v. State*, 716 P.2d 693, 699 (Okla. Crim. App. 1986)).

Petitioner asserts in Ground IV that the trial court erred in failing to instruct the jury that prior inconsistent statements cannot be used as substantive evidence of guilt. Again, the OCCA found the failure to give the instruction "did not rise to the level of plain error." *Id*. (citing *Howell v. State*, 882 P.2d 1086, 1094 (Okla. Crim. App. 1994)).

After careful review, the court finds the determination of these claims by the OCCA was consistent with federal law, and habeas relief is not warranted.

5

**Ground II: Sufficiency of the Evidence**

Petitioner alleges the evidence was insufficient to support his conviction for Endeavoring to Manufacture Methamphetamine. He claims the evidence was purely circumstantial, and there was no evidence that he directly committed acts constituting the elements of the crime. The OCCA denied this claim, finding "the evidence was sufficient to prove that [petitioner] endeavored to manufacture methamphetamine, because there was sufficient evidence to show that [petitioner] had dominion and control over the laboratory in his bedroom." *Traywick*, slip op. at 2-3 (citing *State v. Davis*, 823 P.2d 367, 389-70 (Okla. Crim. App. 1991)).

"Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F. 2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The Supreme Court has repeatedly emphasized the deference the reviewing court owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th

Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.), *cert. denied*, 498 U.S. 904 (1990) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)).

The record shows that petitioner was removed from one of two closely positioned trailers where law enforcement officers suspected methamphetamine was being manufactured (Tr. I 80-108). Because of the strong chemical odor associated with methamphetamine, the officers on the scene had to ventilate the trailer where petitioner was found before they could safely enter to conduct their search (Tr. I 108, 115, 132, 241). Evidence of the manufacturing operation, including the finished product, was found in both trailers and around the perimeter of the scene (Tr. I 124-31, 152, 175-204, 243-44, 250-52).

Petitioner's personal property, including his clothing, letters, photographs, and other items were found in the trailer next to some of the chemicals and other materials that were used in the production of methamphetamine (Tr. I 135-43). In addition, petitioner's fingerprint was found on a flask, an item which commonly is used in the manufacturing process (Tr. I 221-29).

After careful review, the court finds the evidence was sufficient under the standard of *Jackson v. Virginia*. Therefore, the decision by the Court of Criminal Appeals was not contrary to, or an unreasonable application of, federal law, and the OCCA's opinion was not based on an unreasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. § 2254(d). This ground for habeas relief fails.

**Ground V: Jury's Question**

Petitioner next alleges the trial judge failed to follow Okla. Stat. tit. 22, § 894, when the jury asked to review a report by the chief investigator for the district attorney's office. The trial judge simply wrote a reply denying the request. There was no record to show how the note was handled by the trial court. The statute cited by petitioner reads as follows:

> After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the district attorney and the defendant or his counsel, or after they have been called.

Okla. Stat. tit. 22, § 894.

The Court of Criminal Appeals denied relief on this claim, because petitioner did not provide a sufficient record to make a ruling on the issue. *Traywick*, slip op. at 3.

> . . . There is no indication the proper procedure was not followed. [Petitioner] has the responsibility of preserving a record at the trial court for future review of his claims. *See Guthrie v. State*, 679 P.2d 278, 2080 (Okla. Crim. App. 1984). We will not presume error from a silent record. *Turner v. State*, 803 P.2d 1152, 1156 (Okla. Crim. App. 1990). Even if the proper procedure was not followed, [petitioner] has not shown that he was prejudiced. Therefore, this proposition must fail.

*Traywick*, slip op. at 3.

This claim clearly is an issue of state law which is not cognizable in a federal habeas action. *See Estelle*, 502 U.S. 62 at 67-68. Petitioner has not presented any authority by the United States Supreme Court to support a federal claim, and he has not demonstrated that the Court of Criminal Appeals' decision was inconsistent with federal law. This ground for habeas relief is meritless.

**Ground VI: Admission of Photographs**

Petitioner alleges a shoe box containing his letters and photographs was found in one

of the trailers. He asserts that prior to trial, the judge ruled that photographs showing petitioner in handcuffs or with other inmates would be excluded, but photographs of petitioner in a family setting were not prejudicial. However, none of the eight photographs introduced at trial were those approved by the court, and defense counsel did not object to their admission. Five photos depicted petitioner as shirtless and revealing his numerous tattoos. Petitioner claims the photographs were more prejudicial than probative, because the pictures of the tattoos suggested he was an "outlaw."

On direct appeal the OCCA found the trial court did not abuse its discretion in admitting the photographs. *Traywick*, slip op. at 3. The respondent alleges the OCCA's ruling was not inconsistent with federal law. Erroneous evidentiary rulings are not grounds for federal habeas relief unless the rulings render the state proceedings so fundamentally unfair as to violate due process. *See Williamson v. Ward*, 110 F.3d 1508, 1522-23 (10th Cir. 1997). Here, the court finds admission of the photographs did not render petitioner's trial fundamentally unfair, so habeas relief cannot be granted on this claim.

**Ground VII: Habitual Criminal Statute**

Petitioner next complains that the Oklahoma habitual criminal statute was used to enhance his conviction. The OCCA denied this claim, finding "the trial court followed the proper procedure pursuant to Okla. Stat. tit. 22, § 51.1, as his punishment was properly enhanced beyond the minimum twenty years by his prior felony offenses." *Traywick*, slip op. at 3-4.

If the sentence is within statutory limits, a federal habeas court will not regard it as cruel and unusual or excessive. *United States v. O'Driscoll*, 761 F.2d 589, 599 (10th Cir. 1985) (citations omitted), *cert. denied*, 475 U.S. 1020 (1986). *See also Gaines v. Hess*, 662

9

F.2d 1364, 1370 (10th Cir. 1981). Because petitioner has not shown how the OCCA'S determination on the issue was inconsistent with federal law, this ground for habeas relief fails. *See* 28 U.S.C. § 2254(d).

**Ground VIII: Prosecutorial Misconduct**

In Ground VIII petitioner claims that the evidence admitted about his two prior felony convictions was prejudicial and undoubtedly influenced the jury to sentence him to a 40-year term of imprisonment. He objects to the prosecution's admission of evidence that his two prior sentences had been partially suspended, but one later was revoked. He argues that letting the jury know how much time he previously had served was unnecessary and only educated the jury about the difference between the imposed sentence and the actual time served. He further claims the prosecutor's multiple references to his previous suspended sentences and to the pardon and parole system resulted in his long sentence in this case, when other defendants involved in the operation of the methamphetamine lab received shorter sentences.

The Court of Criminal Appeals denied relief on this claim, finding "there was no objection to the information given to the jury; therefore, we can review for plain error only. There was no plain error here." *Traywick*, slip op. at 4 (citing *Lee v. State*, 738 P.2d 173, 176 (Okla. Crim. App. 1987)).

In examining habeas claims of prosecutorial misconduct, "it 'is not enough that the prosecutor['s] remarks were undesirable or even universally condemned.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Darden v. Wainwright*, 699 F.2d 1031, 1036 (11th Cir. 1983)). Instead, "[t]he relevant question is whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due

process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). After a careful review of the record, the court finds the decision by the Oklahoma Court of Criminal Appeals was not contrary to or an unreasonable application of federal law, and its decision was not based on an unreasonable determination of the facts. This ground for habeas relief fails.

**Ground IX: Cumulative Error**

Petitioner alleges the cumulative errors in his trial deprived him of a fair trial and a reliable verdict. The OCCA rejected this claim, finding that "even looking at the trial errors in a cumulative fashion, neither reversal nor modification is necessary." *Traywick*, slip op. at 4 (citing *Lee v. State*, 4 P.3d 702, 734 (Okla. Crim. App. 2000)).

"Cumulative-error analysis applies where there are two or more actual errors. It does not apply, however, to the cumulative effect of non-errors." *Castro v. Ward*, 138 F.3d 810, 832 (10th Cir. 1998) (quoting *Hoxsie v. Kerby*, 108 F.3d 1239, 1245 (10th Cir.), *cert. denied*, 522 U.S. 844 (1997)). The decision by the Court of Criminal Appeals was consistent with federal law, and this claim is meritless.

**Grounds X, XI, XII, XIII, and XIV**

Petitioner next raises claims that first were raised in his application for post-conviction relief: (X) excessive sentence, (XI) failure to prove he was guilty beyond a reasonable doubt, (XII) prosecutorial misconduct, (XIII) illegal arrest, and (XIV) ineffective assistance of trial and appellate counsel. In its Order Affirming Denial of Post-Conviction Relief, the OCCA found the issues "either were raised or could have been raised in his direct appeal. All issues which were or could have been asserted in prior proceedings are waived, and may not be the basis of a post-conviction application." *Traywick*, No. PC-2003-25, slip op. at 1 (Okla. Crim.

App. Feb. 25, 2003).

Petitioner asserted in his post-conviction proceedings that he failed to raise the claims in his direct appeal because his appellate counsel was ineffective. The OCCA was unconvinced and affirmed the state district court's denial of post-conviction relief:

> As a reason for not previously raising the substantive issues, Petitioner claims his appellate counsel was ineffective. To support a claim of ineffective appellate counsel, Petitioner must establish his appellate counsel's performance was deficient under prevailing professional norms, and that but for the deficient performance the outcome of his appeal would have been different, or he must establish that he is factually innocent. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). The only thing Petitioner alleges as deficient in the performance of his appellate counsel, is the failure, or decision not, to raise the issues Petitioner now attempts to assert. Counsel's judgment in making strategic decisions is given a heavy measure of deference and is difficult to challenge. *Strickland*, 466 U.S. at 690-91. Petitioner's jury believed, based upon the evidence presented, that Petitioner was guilty beyond a reasonable doubt. Petitioner's appellate counsel raised viable issues on appeal, but the jury's decision was not overturned. *Traywick*, No. F-2001-989. Petitioner has not established that, due to the issues he now attempts to raise, his jury verdict should have been overturned or the outcome of his appeal would have been different. *Strickland*, 466 U.S. at 687, 694. Petitioner has also not established factual innocence. *Id.*

*Traywick*, No. PC-2003-25, slip op. at 1-2.

The respondent alleges the grounds that could have been raised in petitioner's direct appeal now are procedurally barred.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"'[C]ause' under the cause and prejudice test must be something external to the

petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753. With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage," infecting the entire proceedings with "error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Petitioner again claims his "cause" was ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.* at 687. The *Strickland* test also applies to appellate counsel. *Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985).

> . . . When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, we first examine the merits of the omitted issue. If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. *See Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing *Cook*, 45 F.3d at 392-93), *cert. denied*, 525 U.S. 1151 (1999)). If the issue has merit, we then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. *See Cook*, 45 F.3d at 394.

*Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (1999).

### *Ground X: Excessive Sentence*

Petitioner claims in Ground X that his 40-year sentence was excessive, considering his conviction was based on circumstantial evidence and he was found guilty of a non-violent

offense. This claim is not a proper issue for federal habeas corpus, because sentencing is a matter of state law. *See Shafer v. Stratton*, 906 F.2d 506, 510 (10th Cir.), *cert. denied*, 498 U.S. 961 (1990).

> The Eighth Amendment's prohibition against imposition of cruel and unusual punishment requires that the sentence cannot be disproportionate to the severity of the crime or involve unnecessary infliction of pain. Again, the guiding rule is that the fixing of penalties for crimes is a legislative function, and the determination of what constitutes adequate punishment is left to the trial court's discretion; and if the sentence is within statutory limits, the appellate court will not regard it as cruel and unusual or excessive.

*United States v. O'Driscoll*, 761 F.2d 589, 599 (10th Cir. 1985) (citations omitted), *cert. denied*, 475 U.S. 1020 (1986). *See also Gaines v. Hess*, 662 F.2d 1364, 1370 (10th Cir. 1981). Because petitioner's sentence was not outside the statutory limits, habeas relief is not available.

### *Ground XI: Sufficiency of the Evidence*

Petitioner alleges the State failed to prove he was guilty beyond a reasonable doubt. He claims his conviction was based on three things: (1) a few items of his personal property in the trailer, (2) one of his fingerprints found on an empty glass flask inside a cooler that was inside a tool box behind a storage shed, and (3) a statement written by Investigator Frost regarding whether petitioner actually helped David Frey, who was arrested with petitioner, to "gas off" some methamphetamine, which Frey denied at trial. Petitioner claims his fingerprint was on the flask because he had helped clean up the place, and the property owner corroborated petitioner's explanation for the presence of his personal property which was that petitioner was storing the items while he moved to Tulsa.

Petitioner presented a sufficiency of the evidence claim in his direct appeal, and he also raised it in Ground II of this petition. This court, therefore, reiterates its determination

that there was sufficient evidence to support his conviction, pursuant to the standards of *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

### *Ground XII: Prosecutorial Misconduct*

Petitioner first raised the issue of prosecutorial misconduct in his direct appeal, and it is discussed above in Ground VIII. In Ground XII he alleges the prosecutor falsely stated at his preliminary hearing that petitioner's fingerprint was found on an item of evidence that contained a controlled dangerous substance. Petitioner maintains the item was an empty flask which was found outside the residence, and, as discussed above, he had an explanation for the fingerprint. Petitioner also makes a general statement of other instances of prosecutorial misconduct that may be found in his pleadings and in the record.

A criminalist with the Oklahoma State Bureau of Investigation testified at trial that the glass flask in question was a piece of equipment that was consistent with a methamphetamine manufacturing process (Tr. 162, 178-79). The tool box that contained the flask also contained other items consistent with the manufacturing process, including a glass jar containing methamphetamine (Tr. 178-80).

As explained above, the question is whether the prosecutor's comments resulted in a denial of due process. *See Darden v. Wainwright*, 477 U.S. at 181. Here, the statement about the fingerprint was made at petitioner's preliminary hearing, not at trial. Although petitioner asserts it probably was the reason why the judge denied his motion to dismiss, this court finds no basis for petitioner's speculation. Again, there is nothing in the record to suggest that prosecutorial misconduct resulted in a denial of due process.

### *Ground XIII: Illegal Arrest*

Petitioner claims his defense attorney made a motion to dismiss based on petitioner's

illegal arrest. Counsel argued that when petitioner exited the trailer with two other individuals, there was no probable cause that a crime had been committed by anyone. Nonetheless, petitioner was handcuffed and arrested. Petitioner further claims that the investigation of the property was initiated because of alleged illegal trash dumping, so the law enforcement officer's presence for a drug investigation was illegal.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted). There is nothing in the record to indicate petitioner was denied this opportunity. In fact, he is complaining that the outcome of his pretrial motion to dismiss based on the allegedly illegal arrest was denied. The rule of *Stone*, therefore, bars this court's consideration of the claim.

After careful review, the court finds that neither trial nor appellate counsel were ineffective in failing to raise the claims in Grounds X, XI, XII, or XIII. There is no evidence the performance by petitioner's attorneys was deficient or that petitioner was prejudiced by their performance. *See Strickland*, 466 U.S. at 687. The court further finds that application of the procedural bar by the Court of Criminal Appeals was based on state procedural rules, and petitioner has not met the requirements of a showing of cause and prejudice.

The court also finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991)

(citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). Although petitioner alleges he is innocent, he has not supported that allegation with any new evidence sufficient to undermine the court's confidence in the outcome of his criminal proceedings. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995).

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.1(C), the parties are given ten (10) days from being served with a copy of these findings and recommendations to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this _____ day of March 2005.

*[signature]*

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**