IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| JAMES TRAYWICK, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | Case No. CIV 03-172-JHP |
| LENORA JORDAN, Warden, | ) | |
| Respondent. | ) | |

## ORDER AFFIRMING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On March 31, 2003, Petitioner, an inmate currently incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. Petitioner challenges his conviction in Okmulgee County District Court for Endeavoring to Manufacture Methamphetamine, After Former Conviction of Two or More Felonies, on fourteen (14) grounds.

On March 16, 2006, the United States Magistrate Judge for this District entered her Report and Recommendation with regard to the disposition of the petition. As to grounds I, III, and IV, in which Petitioner challenges the jury instructions, the Magistrate Judge agreed with the Oklahoma Court of Criminal Appeals (OCCA) that the instructions did not rise to the level of plain error, and found that the OCCA's determination of these claims was consistent with federal law, such that habeas relief is not warranted. Further, as to ground V, in which Petitioner challenges the procedure followed by the trial judge in response to a note from the jury, the Magistrate Judge found that such challenge presented an issue of state law which is not

1

cognizable in a federal habeas action. *See* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). This rationale could also extend to the Petitioner's claims about the jury instructions, as well as Petitioner's complaints about the cancelled state court hearing on his application for post-conviction relief. *See* id.; *see also* Phillips v. Ferguson, 182 F.3d 769, 773-73 (10th Cir. 1999); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.), *cert. denied*, 525 U.S. 1024 (1998).

In ground II, Petitioner alleges insufficiency of the evidence; however, the Magistrate Judge found that the record clearly contained sufficient evidence such that "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," in keeping with the standard for habeas review established in Jackson v. Virginia, 443 U.S. 307, 319 (1979). This analysis also extends to ground XI. In ground VI, Petitioner alleges that admission of certain photographs was more prejudicial than probative. The OCCA found that the trial court did not abuse its discretion in admitting the photographs, and the Magistrate Judge noted that, even assuming *arguendo* that the photographs were prejudicial, their admission did not render Petitioner's trial so fundamentally unfair as to violate due process, and habeas relief is therefore not appropriate. *See* Williamson v. Ward, 110 F.3d 1508, 1522-23 (10th Cir. 1997). In ground VIII, Petitioner alleges prosecutorial misconduct in relation to the evidence admitted about his two prior felony convictions. The OCCA found no error, and the Magistrate Judge found that the prosecutor's misconduct, if any, did not render the process fundamentally unfair, and the OCCA's determination was therefore reasonable and consistent with federal law. This analysis also extends to ground XII.

In ground VII, Petitioner complains that the Oklahoma habitual criminal statute was improperly used to enhance his sentence. The OCCA found that the trial court followed proper

sentencing procedure. The Magistrate Judge noted that Petitioner did not show how the OCCA's determination was inconsistent with federal law, and further noted that a federal habeas court does not regard a sentence posed within statutory guidelines to be cruel and unusual or excessive. *See* U.S. v. O'Driscoll, 761 F.2d 589, 599 (10th Cir. 1985), *cert. denied,* 475 U.S. 1020 (1986). This analysis also extends to ground X.

In ground IX, Petitioner asserts that the cumulative errors in his trial deprived him of a fair trial and a reliable verdict. However, the OCCA did not find any error. The Magistrate Judge noted that "[c]umulative error analysis . . . does not apply . . . to the cumulative effect of non-errors," such that habeas relief is not appropriate. *See* Castro v. Ward, 138 F.3d 810, 832 (10th Cir. 1998).

Finally, Petitioner raises claims in grounds 10, 11, 12, and 13 that were first raised in his application for post-conviction relief, which the OCCA denied because they were or could have been raised on direct appeal. Petitioner further claims in ground 14 that he was denied effective assistance of appellate counsel. Neither the OCCA nor the Magistrate Judge found that "counsel's performance was deficient" or that "the deficient performance prejudiced the defense" as required by Strickland v. Washington, 466 U.S. 668, 687 (1984). *See also* Evitt v. Lucey, 469 U.S. 387, 393-400 (1985) (extending the Strickland analysis to appellate counsel). Ground 14 is therefore without merit and, accordingly, grounds 10, 11, 12, and 13 are procedurally barred, because Petitioner did not demonstrate ineffective assistance of counsel or the possibility of a fundamental miscarriage of justice necessary to overcome the bar.

Based upon all of these findings, the Magistrate Judge recommended dismissal of this action in its entirety. After properly requesting an extension of his response deadline, Petitioner

3

filed timely objections to the Magistrate Judge's Report and Recommendation on April 17, 2006.  Petitioner's objections do not raise any issues of law or fact which would alter the viability of the Magistrate Judge's Findings and Recommendations, nor do they demonstrate any actual or substantial disadvantage to Petitioner.  Indeed, Petitioner simply reurges the contentions he has raised in numerous prior filings.   This Court therefore holds that Petitioner's objections are without merit.

Upon careful consideration of the record, pleadings, and applicable law, this Court finds and orders that the Report and Recommendation of the United States Magistrate Judge be AFFIRMED and ADOPTED as this Court's Findings and Order.  Accordingly, the Petition for Writ of Habeas Corpus is DENIED and this action is hereby DISMISSED.

IT IS SO ORDERED this 25th day of May 2006.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma